UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRENCE LEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV2468 HEA |
| BURLINGTON STORES, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff has failed to fully complete the CJA 23 Financial Affidavit.[1] Therefore, his application to proceed in forma pauperis will be held in abeyance, and he will be required to submit an amended Financial Affidavit within thirty (30) days of the date of this Order. Further, plaintiff will be required to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

### Background

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged retaliation.[2] Plaintiff brings this action against his previous employer, Burlington Stores. He has attached a right to sue letter to his complaint from the Missouri Commission on Human Rights ("MCHR") dated August 30, 2017, as well as a right to sue letter from the EEOC, dated July 13, 2017. Plaintiff has not, however, filled in his "Statement of Claim"

---

[1] Plaintiff has failed to complete his monthly earnings for his present employment at Walgreens on his CJA 23 Financial Affidavit.

[2] On September 25, 2017, plaintiff filed a substantially similar lawsuit against Burlington Stores under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged race discrimination. *See Lee v. Burlington Stores*, Case No. 4:17-CV-2467 NAB (E.D.Mo.).

section in his complaint. Rather, he has stated only, "I filed a previous claim with the EEOC about how they was discriminating against me because of my raise so they fired me." Plaintiff has additionally attached his Charge of Discrimination to his complaint, which contains little background information relative to his claims. *See* Fed.R.Civ.P.10(c).

Accordingly, the Court will order plaintiff to amend his complaint to more fully set forth his "Statement of Claim." Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. In his amended complaint plaintiff must also clearly articulate whether he is pursuing a claim, or claims, under the MHRA.

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

As stated above, plaintiff is also required to submit an amended CJA 23 Financial Affidavit. Plaintiff failed to fully fill in all fields on his original Financial Affidavit, and the Court cannot make a determination on his motion to proceed in forma pauperis without information

regarding his financial status without a complete financial background. Plaintiff's failure to fully complete the form in a timely manner, or pay the full $400 filing fee will result in a dismissal of this action, without prejudice.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] will be **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Court must provide plaintiff with a copy of the CJA 23 Financial Affidavit.

**IT IS FURTHER ORDERED** that plaintiff must complete and file the CJA 23 Financial Affidavit in its entirety within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's failure to complete the CJA 23 Financial Affidavit within thirty (30) days of the date of this Order, or pay the full $400 filing fee, will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint, on a court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 27th   day of September, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE