UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2468 HEA |
| | ) | |
| BURLINGTON STORES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). On September 27, 2017, the Court ordered plaintiff to file a fully complete CJA 23 Financial Affidavit. Plaintiff submitted his complete affidavit on October 4, 2017, but it was incorrectly filed in his companion case, *Lee v. Burlington Stores*, Case No. 4:17-CV-2467 NAB (E.D. Mo. filed Oct. 4, 2017).[1] The Court will take judicial notice of plaintiff's fully complete CJA 23 Financial Affidavit, and grant plaintiff's motion for leave to proceed in forma pauperis. For the following reasons, the Court will dismiss plaintiff's claim for Title VII retaliation.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

---

[1] On September 25, 2017, plaintiff filed a substantially similar lawsuit against Burlington Stores under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, for alleged race discrimination. *See Lee v. Burlington Stores*, Case No. 4:17-CV-2467 NAB (E.D. Mo. filed Sept. 25, 2017). The Court will refer to this case as plaintiff's "companion case." It appears from the record in plaintiff's companion case, that plaintiff filed both his court-ordered CJA 23 Financial Affidavit and his court-ordered amended complaint in that case. The Court will take judicial notice of these filings.

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged retaliation against his previous employer, Burlington Stores. On September 27, 2017, the Court ordered plaintiff to amend his complaint to complete his "Statement of Claim." On October 4, 2017, plaintiff filed his amended complaint in his companion case, and attached a three-page statement of his claim. *See Lee v. Burlington Stores*, Case No. 4:17-CV-2467 NAB (ECF No. 7).

In his amended complaint, plaintiff states he was hired by defendant on August 10, 2015 as a Receiving Supervisor, under the supervision of Operations Managers Karen Coburn and Deanna [Unknown], both white females. He states that at various times he reported unsafe working conditions to the store manager and the operations managers. He states his reports were ignored by the operations managers. Plaintiff also complains that the operations managers

accused him of stealing, and did not allow him to take the trash outside or come into the store alone, while white males were allowed to do these things. Plaintiff alleges white males were allowed to violate the company's standard operating procedures, while he was disciplined for not following company procedures. In addition, plaintiff states he was not allowed to have a chair, while other white employees were allowed chairs. He was told not to do paperwork, but then disciplined for not doing paperwork. Finally, plaintiff states his procedures for calling in sick to work were different from other team members. Plaintiff was eventually terminated for using profanity at team members, although he states several other employees were allowed to use profanity.

Plaintiff alleges he was retaliated against in violation of Title VII. He seeks one million dollars in damages, including a $50,000.00 donation to a black charity. He also requests all defendant's management staff be retrained.

## Discussion

As discussed, plaintiff did not file an amended complaint in this Title VII retaliation case, as ordered, but rather filed an amended complaint in his companion race discrimination case. *See supra*, n.1. Having carefully reviewed and liberally construed the amended complaint, the Court concludes that it fails to state a claim of retaliation under Title VII upon which relief can be granted.

In its Opinion, Memorandum, and Order dated September 27, 2017, the Court clearly explained to plaintiff that he was required to more fully set forth his "Statement of Claim" and submit his amended complaint on the court-provided form. The Court emphasized that the filing of the amended complaint **completely replaces** the original complaint. *See* ECF No. 5 (emphasis in original). Despite this instruction, in his amended complaint, plaintiff alleges no

facts showing that defendant retaliated against him for filing a prior EEOC claim. Plaintiff has not alleged (1) he engaged in statutorily protected activity; (2) defendant took an adverse action against him; and (3) a connection between the two occurrences. *See Green v. Franklin Nat'l Bank*, 459 F.3d 903, 914 (8th Cir. 2006). For this reason, plaintiff has failed to state a prima facie case of retaliation under Title VII and, therefore, he has failed to state a claim upon which relief can be granted. This case is subject to dismissal under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum, and Order.

Dated this 9th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE